

# The Attorney General of Texas

April 11, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-143

Re:  Whether a community college may establish a "cafeteria plan" of employee benefits in accordance with Internal Revenue Code section 125.

Dear Senator Parker:

You have asked whether a community college has authority under article 3.50-3 of the Insurance Code, section 130.084 of the Education Code, or other law to set up a "cafeteria plan" of employee benefits in accordance with section 125 of the Internal Revenue Code [hereinafter I.R.C.].

Section 125 of the I.R.C. provides in part:

> (a)  In general. -- . . . . [N]o amount shall be included in the gross income of a participant in a cafeteria plan solely because, under the plan, the participant may choose among the benefits of the plan.
>
> . . .
>
> (d)  Cafeteria plan defined. -- For purposes of this section --
>
> (1)  In general. -- The term 'cafeteria plan' means a written plan under which --
>
> (A)  all participants are employees, and
>
> (B)  the participants may choose among two or more benefits.
>
> The benefits which may be chosen may be nontaxable benefits, or cash, property, or other taxable benefits.

A cafeteria plan is an employee benefit plan under which an employee may choose between taxable compensation and one or more tax exempt fringe benefits, such as accident and health insurance, financed by the employer's contribution. [1984] 2 Stand. Fed. Tax Rep. (CCH) ¶ 1197T.01; S. Rep. No. 1263, 95th Cong., 2d Sess. 6, reprinted in 1978 U.S. Code Cong. & Ad. News 6761, 6771, 6838. Although the cafeteria plan effectively permits the employee to convert taxable cash compensation into nontaxable fringe benefits, section 125 of the code maintains the tax exempt status of those fringe benefits. Nontaxable employee benefits paid for by the employer include group term life insurance up to $50,000, I.R.C. §79, disability benefits, I.R.C. §105(d), accident and health plans, I.R.C. §106, group legal services plans, I.R.C. §120, and dependent care assistance payments, I.R.C. §129. See S. Rep. No. 1263, supra, at 6838. Taxable benefits include group term life insurance in excess of $50,000 as well as cash, property, or other tangible compensation. Id. at 6837.

The essential feature of a cafeteria plan is that the employee may choose between taxable and nontaxable benefits provided at the employer's expense. A cafeteria plan is more flexible than a plan under which the employer pays only for specific benefits and does not allow his employees to choose among alternative benefits financed by him. See, e.g., Attorney General Opinion H-859 (1976).

With this background in mind, we will consider whether a community college may establish a cafeteria plan for its employees. Community colleges are subject to Insurance Code article 3.50-3. See Ins. Code art. 3.50-3, §§3(a)(4), (8); 4(b)(4)(D), (E), (F); Attorney General Opinion MW-215 (1980). A stated purpose of article 3.50-3 is

> to provide uniformity in the basic group life, accident, and health insurance coverages for all employees of Texas colleges and universities.

Art. 3.50-3, §2(a). Moreover, community colleges must comply with basic coverage standards developed by the administrative council. Id. §4(b)(4)(A), (D). Once the college provides a basic coverage plan that complies with article 3.50-3, it may be able to add enough optional elements to establish a cafeteria plan.

Section 11 of article 3.50-3 provides that no eligible employee may be denied any of the coverages provided by this act unless he waives them in writing. Each full time employee is entitled to automatic protection under a basic plan of insurance unless he waives basic coverage or chooses optional coverage. Id. §11. The premium for basic coverage must be fully paid for by the employer. Id. Thus, article 3.50-3 itself requires community colleges to provide one nontaxable benefit -- basic accident, life and health coverage funded

at the employer's expense.   See 19 T.A.C. §25.33 (Basic Coverage Standards).

Section 4(b)(4)(F) provides in part:

> All contracts for basic coverages negotiated from the effective date of this Act shall be in compliance with basic coverage standards . . . . <u>Each governing board may provide such additional or optional insurance programs and coverages as it deems desirable for its employees.</u> (Emphasis added).

A community college may be able to construct a cafeteria plan by using its power to provide additional or optional coverages.  For example, it could provide, at its expense, optional life insurance coverage in an amount in excess of $50,000, a taxable fringe benefit.  See I.R.C. §§79, 125.  It may also be able to provide at its expense other nontaxable fringe benefits in the form of health and accident insurance.  See I.R.C. §106.  Article 3.50-2, section 5(a) and article 3.51 of the Insurance Code authorize a community college to provide another nontaxable employee fringe benefit, disability insurance, paid for in whole by employer contributions.  See I.R.C. §105(d).

The Administrative Council established by Insurance Code article 3.50-3 has issued the following regulation:  "Provisions shall be made for the payroll deduction for premiums of the optional coverage."  19 T.A.C. §25.34(c).  In our opinion, this regulation does not require that the employee pay premiums for optional coverage.  It merely requires that the college arrange for payroll deduction of premiums for which the employee is responsible.  See also Ins. Code art. 3.51 (express authority for public employer to pay entire premium for employees' health, accident, and disability insurance).

We believe articles 3.50-3 and 3.51 of the Insurance Code authorize community colleges to establish a "cafeteria plan" consisting of a choice of fringe benefits in the area of life, accident and health, and disability insurance.  Though the range of benefits is narrow, section 125 of the Internal Revenue Code only requires that the participants be able to choose among "two or more benefits."  You have not inquired whether a junior college may provide such nontaxable benefits as group legal services or dependent care assistance payments.  We therefore do not address this question, except to say that a community college may not grant these employee benefits unless it has express or implied statutory authority to do so.

Any cafeteria plan established by a community college must comply with all applicable requirements of section 125 of the Internal

Revenue Code to realize the benefits of that provision. You have not presented a specific plan for our consideration and we express no view as to how a community college might implement a plan, or the validity of any such plan under federal law. If a community college establishes a cafeteria plan and it wishes to know whether participants in the plan qualify for the favorable tax treatment accorded by section 125 of the code, it should seek a Revenue Ruling from the Internal Revenue Service.

## S U M M A R Y

A community college may set up a "cafeteria plan" for its employees consisting of a selection of taxable and nontaxable fringe benefits in the area of life, accident and health, and disability insurance.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood